## No. 420
## First Circuit

---

## NOYES v. COX

---

(February 13, 1929. Opinion and Decree.)
(March 6, 1929. Rehearing Refused.)

---

J. H. Inman, of Ponchatoula, and Purser and Magruder of Amite, attorneys for plaintiff, appellee.

Reid and Blache, of Hammond, attorneys for defendant, appellant.

LECHE, J. Defendant at the time the event which gave rise to this litigation took place, was operating a garage and filling station on the highway about one mile north of the town of Amite. He was local sales agent for Pontiac automobiles, and furnished free service for ordinary repairs and adjustments, for a period of ninety days beginning on the day that he might sell each Pontiac automobile. The plaintiff had purchased from defendant one of these automobiles and within the free service period, sent it to defendant's garage for service such as was contemplated in her purchase agreement.

While the automobile was in the apparent custody and possession of the garage owner, it was taken out by a young man who was an assistant mechanic in the garage, without the knowledge or sanction of plaintiff, and the next morning the plaintiff's automobile was found completely wrecked at a considerable distance from defendant's garage, with the body of the dead assistant mechanic lying among the debris.

Plaintiff then brought the present suit to recover the value of her automobile, and the defense is that the acts of the young man assistant mechanic were unauthorized by defendant, and that the assistant mechanic was acting as agent of plaintiff and not as agent of the defendant.

The District Court rendered judgment in favor of plaintiff as prayed for and defendant has appealed.

The facts are that B. K. Bankston, a son of Mrs. Noyes, the plaintiff, went out in his mother's automobile on a Sunday, on social business. The automobile did not operate well, so that he managed to drive to defendant's garage to ascertain the trouble and have it removed, the work to be done under the free service obligation which defendant had assumed when he sold the automobile to plaintiff. When Bankston reached the garage he found it open, saw several persons about the place, including defendant's two mechanics, who were servicing and working on other cars. The younger mechanic named Sammy Kent, came out and asked Bankston what was the trouble with the Pontiac. After being told, Kent suggested that they drive a short distance that he might discover the defect. Kent then entered the automobile and after driving a short distance took out the carburetor and cleaned it. This happened at about 9 o'clock in the morning. Bankston after making an urgent short trip to bring his brother home, came back to the garage about eleven o'clock at the request of Kent, who again undertook to remedy the mechanical defect which had developed about the motor. He worked unsuccessfully until past twelve o'clock, when he drove Bankston in the automobile to his mother's home and returned with the automobile to the garage. Bankston did not again see the automobile until one o'clock the next morning after the wreck, and after the death of Kent, which must have occurred during the night.

All this took place on a Sunday and de-

fendant takes the position that his garage was never operated on a Sunday, that it was open only during six days in the week. He says that Sammy Kent was only employed for six week days and contends that Kent's actions on that fatal Sunday were beyond the scope of his employment and disclaims responsibility for their resultant effect. Aderhold, the chief mechanic in defendant's garage, admits that he and Sammy Kent were at work in the garage on that Sunday, but claims that they were working on their own private automobiles and not for defendant.

The evidence is convincing that defendant's garage was open on the Sunday when Bankston drove to it in his mother's automobile, that the two mechanics were servicing automobiles and that there were other persons around the place. Plaintiff's son did not know that defendant kept his garage closed on Sundays, but on the contrary was induced by what he saw and by the conduct of Kent, to believe that it was being actually operated, and defendant is equitably estopped from denying that fact.

It was defendant's duty, if he wished to keep his garage closed on Sundays and to do no business on that day, to see that his wishes were carried out and not permit innocent persons to be induced by the manner in which the place was conducted to believe otherwise.

The judgment of the District Court is in our opinion, in accordance with the law and the evidence in the record and for that reason it is affirmed.